## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

| | |
|---|---|
| In re: WALKER, MICHEAL LEWAYNE | § Case No. 09-75464 |
| | § |
| | § |
| Debtor(s) | § |

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. The debtor filed a petition under Chapter 7 of the United States Bankruptcy Code on December 10, 2009. The undersigned trustee was appointed on February 10, 2010.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A.**

4. The trustee realized the gross receipts of          $      14,501.56

   Funds were disbursed in the following amounts:

   | | |
   |---|---:|
   | Administrative expenses | 1,622.79 |
   | Payments to creditors | 0.00 |
   | Non-estate funds paid to 3rd Parties | 0.00 |
   | Payments to the debtor | 2,400.00 |
   | Leaving a balance on hand of [1]    $ | 10,478.77 |

The remaining funds are available for distribution.

   5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

   6. The deadline for filing claims in this case was 04/21/2010. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

   7. The Trustee's proposed distribution is attached as **Exhibit D**.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-TFR (9/1/2009)**

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $1,960.16. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests the sum of $1,960.16, for a total compensation of $1,960.16. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00 and now requests reimbursement for expenses of $0.00, for total expenses of $0.00.

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 08/16/2010          By:/s/STEPHEN G. BALSLEY
                             Trustee

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

**UST Form 101-7-TFR (9/1/2009)**

Exhibit A

# Form 1

Page: 1

## Individual Estate Property Record and Report
## Asset Cases

**Case Number:** 09-75464  
**Case Name:** WALKER, MICHEAL LEWAYNE  

**Period Ending:** 08/16/10

**Trustee:** (330410) STEPHEN G. BALSLEY  
**Filed (f) or Converted (c):** 12/10/09 (f)  
**§341(a) Meeting Date:** 01/14/10  
**Claims Bar Date:** 04/21/10

| Ref. # | 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a)<br>DA=§554(c) | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|---|
| 1 | Cash<br>Orig. Asset Memo: Imported from original petition Doc# 1 | 100.00 | 100.00 | DA | 0.00 | FA |
| 2 | Checking at Chase Bank<br>Orig. Asset Memo: Imported from original petition Doc# 1 | 350.00 | 350.00 | DA | 0.00 | FA |
| 3 | Savings account at Chase Bank<br>Orig. Asset Memo: Imported from original petition Doc# 1 | 10.00 | 10.00 | DA | 0.00 | FA |
| 4 | Security deposit with landlord Andrew Schwartz<br>Orig. Asset Memo: Imported from original petition Doc# 1 | 900.00 | 900.00 | DA | 0.00 | FA |
| 5 | Furniture, furnishings, appliances and misc. oth<br>Orig. Asset Memo: Imported from original petition Doc# 1 | 4,000.00 | 0.00 | DA | 0.00 | FA |
| 6 | Books, pictures, videos, music cds and misc. oth<br>Orig. Asset Memo: Imported from original petition Doc# 1 | 500.00 | 500.00 | DA | 0.00 | FA |
| 7 | Debtor's clothing<br>Orig. Asset Memo: Imported from original petition Doc# 1 | 1,000.00 | 0.00 | DA | 0.00 | FA |
| 8 | Watch, misc. items<br>Orig. Asset Memo: Imported from original petition Doc# 1 | 0.00 | 0.00 | DA | 0.00 | FA |
| 9 | Golf clubs, misc. sporting goods and recreationa<br>Orig. Asset Memo: Imported from original petition Doc# 1 | 0.00 | 0.00 | DA | 0.00 | FA |
| 10 | Term with work<br>Orig. Asset Memo: Imported from original petition Doc# 1 | 0.00 | 0.00 | DA | 0.00 | FA |
| 11 | 401k<br>Orig. Asset Memo: Imported from original petition Doc# 1 | 5,000.00 | 0.00 | DA | 0.00 | FA |
| 12 | 2008 Harley Davidson Heritage Soft tail<br>Orig. Asset Memo: Imported from original petition | 10,000.00 | 10,000.00 | DA | 14,500.00 | FA |

Exhibit A

# Form 1
## Individual Estate Property Record and Report
## Asset Cases

Page: 2

**Case Number:** 09-75464
**Case Name:** WALKER, MICHEAL LEWAYNE

**Period Ending:** 08/16/10

**Trustee:**    (330410)    STEPHEN G. BALSLEY
**Filed (f) or Converted (c):** 12/10/09 (f)
**§341(a) Meeting Date:** 01/14/10
**Claims Bar Date:** 04/21/10

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| **Asset Description** (Scheduled And Unscheduled (u) Property) Ref. # | **Petition/ Unscheduled Values** | **Estimated Net Value** (Value Determined By Trustee, Less Liens, Exemptions, and Other Costs) | **Property Abandoned** OA=§554(a) DA=§554(c) | **Sale/Funds Received by the Estate** | **Asset Fully Administered (FA)/ Gross Value of Remaining Assets** |
| 13 | Doc# 1<br>Debtor drives a vehicle belonging to his girlfri<br>Orig. Asset Memo: Imported from original petition | 0.00 | 0.00 | DA | 0.00 | FA |
| 14 | Doc# 1<br>Misc. household tools and implements<br>Orig. Asset Memo: Imported from original petition | 250.00 | 250.00 | DA | 0.00 | FA |
| Int | Doc# 1<br>INTEREST (u) | Unknown | N/A |  | 1.56 | Unknown |
| 15 | **Assets    Totals** (Excluding unknown values) | **$22,110.00** | **$12,110.00** |  | **$14,501.56** | **$0.00** |

**Major Activities Affecting Case Closing:**

**Initial Projected Date Of Final Report (TFR):**    December 31, 2010    **Current Projected Date Of Final Report (TFR):**    June 30, 2010 (Actual)

Exhibit B

# Form 2

Page: 1

## Cash Receipts And Disbursements Record

| Case Number: | 09-75464 | | Trustee: | STEPHEN G. BALSLEY (330410) |
| --- | --- | --- | --- | --- |
| Case Name: | WALKER, MICHEAL LEWAYNE | | Bank Name: | The Bank of New York Mellon |
| | | | Account: | 9200-******38-65 - Money Market Account |
| Taxpayer ID #: | **-***5428 | | Blanket Bond: | $1,500,000.00  (per case limit) |
| Period Ending: | 08/16/10 | | Separate Bond: | N/A |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
| --- | --- | --- | --- | --- | --- | --- | --- |
| Trans. Date | {Ref #} / Check # | Paid To / Received From | Description of Transaction | T-Code | Receipts $ | Disbursements $ | Money Market Account Balance |
| 05/25/10 | | Kegel Motorcycle Company, Inc. | Sale of 2008 Harley Davidson Heritage Soft Tail motorcycle | | 12,889.27 | | 12,889.27 |
| | {12} | | Sale of 2008 Harley Davidson Heritage motorcycle            14,500.00 | 1129-000 | | | 12,889.27 |
| | | | Commission            -1,450.00 | 3610-000 | | | 12,889.27 |
| | | | Repairs to sell motorcycle            -160.73 | 3620-000 | | | 12,889.27 |
| 05/28/10 | Int | The Bank of New York Mellon | Interest posting at 0.0700% | 1270-000 | 0.14 | | 12,889.41 |
| 06/07/10 | 1001 | INTERNATIONAL SURETIES, LTD. | BOND PREMIUM PAYMENT ON LEDGER BALANCE AS OF 06/07/2010 FOR CASE #09-75464 | 2300-000 | | 12.06 | 12,877.35 |
| 06/28/10 | 1002 | Michael Lewayne Walker | Payment of Debtor's Exemption re: 2008 Harley Davidson | 8100-002 | | 2,400.00 | 10,477.35 |
| 06/30/10 | Int | The Bank of New York Mellon | Interest posting at 0.0700% | 1270-000 | 0.74 | | 10,478.09 |
| 07/30/10 | Int | The Bank of New York Mellon | Interest posting at 0.0700% | 1270-000 | 0.68 | | 10,478.77 |
| | | | ACCOUNT TOTALS | | 12,890.83 | 2,412.06 | $10,478.77 |
| | | | Less: Bank Transfers | | 0.00 | 0.00 | |
| | | | Subtotal | | 12,890.83 | 2,412.06 | |
| | | | Less: Payments to Debtors | | | 2,400.00 | |
| | | | NET Receipts / Disbursements | | $12,890.83 | $12.06 | |

| TOTAL - ALL ACCOUNTS | Net Receipts | Net Disbursements | Account Balances |
| --- | --- | --- | --- |
| MMA # 9200-******38-65 | 12,890.83 | 12.06 | 10,478.77 |
| | $12,890.83 | $12.06 | $10,478.77 |

{} Asset reference(s)

Printed: 08/16/2010 10:18 AM    V.12.08

Printed: 08/16/10 10:18 AM

# Claims Distribution Register

Page: 1

### Case: 09-75464    WALKER, MICHEAL LEWAYNE

| Claim # | Date | Pri | Claimant / Proof / <Category> / Memo | Amount Filed | Amount Allowed | Paid to Date | Claim Balance | Proposed Payment |
|---|---|---|---|---|---|---|---|---|
| **Admin Ch. 7 Claims:** | | | | | | | | |
| | 12/10/09 | 200 | Barrick, Switzer, Long, Balsley & Van Evera<br>6833 Stalter Drive<br>Rockford, IL 61108<br><3110-00  Attorney for Trustee Fees (Trustee Firm)> | 1,570.00 | 1,570.00 | 0.00 | 1,570.00 | 1,570.00 |
| | 12/10/09 | 200 | STEPHEN G. BALSLEY<br>6833 STALTER DRIVE<br>ROCKFORD, IL 61108<br><2100-00  Trustee Compensation> | 1,960.16 | 1,960.16 | 0.00 | 1,960.16 | 1,960.16 |
| | | | Total for Priority 200:    100% Paid | $3,530.16 | $3,530.16 | $0.00 | $3,530.16 | $3,530.16 |
| | | | Total for Admin Ch. 7 Claims: | $3,530.16 | $3,530.16 | $0.00 | $3,530.16 | $3,530.16 |
| **Insecured Claims:** | | | | | | | | |
| 1 | 02/02/10 | 610 | PYOD LLC its successors and assigns<br>as assignee of<br>Citibank,c/o Resurgent Capital<br>Services,PO Box 19008<br>Greenville, SC 29602<br><7100-00  General Unsecured § 726(a)(2)><br>Citibank<br>c/o Resurgent Capital Services,PO Box 19008<br>Greenville, SC 29602 | 25,883.67 | 25,883.67 | 0.00 | 25,883.67 | 4,377.38 |
| 2 | 02/13/10 | 610 | Chase Bank USA, N.A.<br>PO Box 15145<br>Wilmington, DE 19850-5145<br><7100-00  General Unsecured § 726(a)(2)><br>PO Box 15145<br>Wilmington, DE 198505145 | 8,861.64 | 8,861.64 | 0.00 | 8,861.64 | 1,498.66 |
| 3 | 02/13/10 | 610 | Chase Bank USA, N.A.<br>PO Box 15145<br>Wilmington, DE 19850-5145<br><7100-00  General Unsecured § 726(a)(2)><br>PO Box 15145<br>Wilmington, DE 198505145 | 5,900.08 | 5,900.08 | 0.00 | 5,900.08 | 997.80 |
| 4 | 02/18/10 | 610 | Chase Bank USA,N.A<br>c/o Creditors Bankruptcy Service<br>P O Box 740933<br>Dallas, TX 75374<br><7100-00  General Unsecured § 726(a)(2)><br>c/o Creditors Bankruptcy Service<br>P O Box 740933<br>Dallas, TX 75374 | 442.10 | 442.10 | 0.00 | 442.10 | 74.77 |
| | | | Total for Priority 610:    16.91174% Paid | $41,087.49 | $41,087.49 | $0.00 | $41,087.49 | $6,948.61 |

Printed: 08/16/10 10:18 AM      **Claims Distribution Register**      Page: 2

### Case: 09-75464   WALKER, MICHEAL LEWAYNE

| | / Memo | | | | |
|---|---|---|---|---|---|
| Total for Unsecured Claims: | $41,087.49 | $41,087.49 | $0.00 | $41,087.49 | $6,948.61 |
| Total for Case : | $44,617.65 | $44,617.65 | $0.00 | $44,617.65 | $10,478.77 |

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 09-75464
Case Name: WALKER, MICHEAL LEWAYNE
Trustee Name: STEPHEN G. BALSLEY

Claims of secured creditors will be paid as follows:

*Claimant*                                                *Proposed Payment*

                          N/A

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| | *Reason/Applicant* | *Fees* | *Expenses* |
|---|---|---|---|
| *Trustee* | STEPHEN G. BALSLEY | $ 1,960.16 | $ |
| *Attorney for trustee* | Barrick, Switzer, Long, Balsley & Van Evera | $ 1,570.00 | $ |
| *Appraiser* | | $ | $ |
| *Auctioneer* | | $ | $ |
| *Accountant* | | $ | $ |
| *Special Attorney for trustee* | | $ | $ |
| *Charges,* | U.S. Bankruptcy Court | $ | $ |
| *Fees,* | United States Trustee | $ | $ |
| *Other* | | $ | $ |

Applications for prior chapter fees and administrative expenses have been filed as follows:

*Reason/Applicant*          *Fees*          *Expenses*

**UST Form 101-7-TFR (9/1/2009)**

| | | | |
|---|---|---|---|
| *Attorney for debtor* | _____ | $_____ | $_____ |
| *Attorney for* | _____ | $_____ | $_____ |
| *Accountant for* | _____ | $_____ | $_____ |
| *Appraiser for* | _____ | $_____ | $_____ |
| *Other* | _____ | $_____ | $_____ |

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| *Claim Number* | *Claimant* | *Allowed Amt. of Claim* | *Proposed Payment* |
|---|---|---|---|
| | N/A | | |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 41,087.49 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 16.9 percent.

Timely allowed general (unsecured) claims are as follows:

| *Claim Number* | *Claimant* | *Allowed Amt. of Claim* | *Proposed Payment* |
|---|---|---|---|
| 1 | PYOD LLC its successors and assigns as assignee of | $ 25,883.67 | $ 4,377.38 |
| 2 | Chase Bank USA, N.A. | $ 8,861.64 | $ 1,498.66 |
| 3 | Chase Bank USA, N.A. | $ 5,900.08 | $ 997.80 |
| 4 | Chase Bank USA, N.A | $ 442.10 | $ 74.77 |

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent.

Tardily filed general (unsecured) claims are as follows:

| *Claim Number* | *Claimant* | *Allowed Amt. of Claim* | *Proposed Payment* |
|---|---|---|---|

**UST Form 101-7-TFR (9/1/2009)**

N/A

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

*Claim Number    Claimant                        Allowed Amt. of Claim    Proposed Payment*
N/A

The amount of surplus returned to the debtor after payment of all claims and interest is $ 0.00.

**UST Form 101-7-TFR (9/1/2009)**